No. 37,850

BEULAH M. HUDGEN, *Appellee,* v. THE PIONEER NATIONAL LIFE INSURANCE COMPANY, a Corporation, *Appellant.*

(216 P. 2d 791)

Opinion filed April 8, 1950.

*Peter F. Caldwell,* of Topeka, argued the cause, and *Harry W. Colmery,* of Topeka, was with him on the briefs for the appellant.

*Walter B. Patterson,* of Fort Scott, argued the cause, and was on the briefs for the appellee.

The opinion of the court was delivered by

HARVEY, C. J.: This was a suit in equity to construe a life-insurance policy as it pertains to the method of payment of the proceeds of the policy to the beneficiary. We shall speak of the parties as they appeared in the trial court.

On June 27, 1938, James Wesley Hudgen, of Pittsburg, Kan., age forty, and manager of a farm implement company, made written application to defendant for a modified life-insurance policy in the amount of $5,000. The application contained the provision:

"Proceeds of policy in event of death payable to Beulah M. Hudgen, Age 39   Wife   Make payable $60.00 per month as death claim until proceeds shall have been paid."

The application was forwarded to defendant at its home office in Topeka and was approved on July 25, 1938, and the policy was

issued. By it defendant "Guarantees to pay Five Thousand Dollars To the Beneficiary Beulah M. Hudgen, wife—proceeds payable in monthly installments of $60.00 each." Defendant is an old-line legal-reserve company and the reserve on its policies is made on its American Experience Table of Mortality and $3\frac{1}{2}$ percent interest and provides that interest on deferred payments should be computed at the rate of $3\frac{1}{2}$ percent per annum. The insured was given the privilege to change the mode of payment of the policy, but he made no change from that stated in his application and in the policy. The policy lists three options of installment payments, any one of which might be selected by the insured. None of them coincides with the request made in the application and stated in the policy here involved. Each of the options of installment benefits has a table showing the number of installments and the amount of each in which the proceeds of the policy would be payable if the option had been selected by the insured as authorized, perhaps required, by G. S. 1935, 40-420 (11), and in each of them interest on the delayed payments was computed at $3\frac{1}{2}$ percent per annum. The policy issued in this case contained no table showing the amount of each of the installments, nor any computation as to the amount of those installments computed at $3\frac{1}{2}$ percent annual interest, or at any other rate. It does provide that when payment is made in installments the beneficiary cannot assign or commute the unpaid installments.

The insured paid the premiums on the policy until his death on December 13, 1947. After his death due proofs of death were furnished to and received by defendant and payment of the death claim was approved by defendant subject to and in accord with the provisions of the policy. At the time of his death he was paying the premiums on a semiannual basis and had paid the premium for the first half of the policy year beginning July 25, 1947. The premium for the second half of the policy year, amounting to $53.33, had not been paid, and acting under a provision of the policy which authorized defendant to do so, it deducted that amount from the $5,000 face value of the policy, leaving the amount payable $4,946.67.

Under date of January 23, 1948, defendant sent to a bank at Fort Scott, where the plaintiff herein, the beneficiary named in the policy, was then living, a check for $60, payable to plaintiff, with instructions to the bank to deliver the check to plaintiff if she surrendered the policy and executed an enclosed "Supplemental Contract." This was in the form of an agreement between plaintiff and defendant. It

recited the execution of the policy and its terms as to payment, as above stated, the death of the insured, and the making and approval of the proofs of death, and continued:

"Now THEREFORE, it is mutually agreed by the parties hereto that the death claim on said policy shall be settled and paid by the company in the following manner: The sum of $4,946.67, being the face amount of the policy less balance of annual premium due July 25, 1947, in the amount of $53.33, shall be paid by the Company by setting aside said sum in a special fund to be held by the Company and paid, including interest thereon to Beulah M. Hudgen, The Beneficiary, at the rate of $60.00 per month on the first day of each month commencing with January 1st, 1948, until said fund including interest shall have been paid out in full. The Company agrees to pay and accumulate interest at the rate of 2½% per annum upon the unpaid balance of said fund until the entire fund and interest have been paid to beneficiary in monthly payments of $60.00 per month as provided above.

"IT IS UNDERSTOOD AND AGREED that said fund is not withdrawable, except in said monthly installments as provided above.

"THIS AGREEMENT shall be binding upon the heirs, executors, administrators, devisees, trustees, successors, and assigns, of the parties hereto."

Plaintiff declined to comply with those conditions and the check was not delivered to her. Defendant continued to send a check for $60 on the first day of each month for several months to be delivered to plaintiff if and when she complied with the conditions stated in the first communication. She continued to decline to comply with those conditions and none of the checks was delivered to her. Defendant does not now contend that plaintiff was under any duty to execute this Supplemental Contract, or to surrender the policy prior to the payment of its liability thereon.

At some date in 1948, not shown by the abstract, the beneficiary, as plaintiff, brought this action to have the policy construed with respect to the payment of the proceeds thereof. The petition alleged in more detail than is here stated the facts above set out and some other provisions of the policy and predicated upon the view that the policy does not provide a table showing the number of installments and the amount of each, interpreting G. S. 1935, 40-420 (11), as requiring such a table; suggested the construction that the proceeds of the policy should be paid in a lump sum with six percent interest since the death of the insured, December 13, 1947, or that the proceeds of the policy be paid at the rate of $60 per month with interest at six percent per annum on the unpaid monthly balance, either added to the monthly payments, or payable at the expiration of the payments on the principal sum, and to bear interest at the rate of six

percent per annum, or that the sum payable on the policy be paid at the rate of $60 per month with interest thereon at the rate of 3½ percent per annum on the unpaid monthly balance, either added to the monthly payment or payable at the expiration of the payment of the principal sum, and also to bear interest at the rate of 3½ percent per annum. Defendant attacked this petition with a motion to strike, which the court sustained in part and overruled in part. Thereafter defendant answered admitting certain paragraphs of the petition and denying others, and alleging that in effect the insured had accepted option one of the installment payments set out in the contract, and asked that the policy be so construed. (This contention has been abandoned.) In its prayer defendant expressed its ability and willingness to abide by and comply with whatever order the court may enter and offered to confess judgment for the sum of $4,946.67 together with the interest on amounts remaining unpaid at the rate of 3½ percent per annum, the principal and interest to constitute the proceeds of the policy to be paid at the rate of $60 per month commencing January 1, 1948. It will be noted in this answer defendant does not make its contention clear as to whether the interest so computed on each payment should be paid at the time of the $60 payments, or after all those payments had consumed the principal liability on the policy.

The trial court heard the parties and concluded that the proceeds of the policy should be paid in a lump sum together with six percent interest since the death of the insured, but that defendant should have credit for the amount of the several checks it had sent to the bank and which had not been delivered to plaintiff. From this judgment the defendant appealed, and plaintiff filed a cross-appeal which went mostly to the ruling of the court upon the pleadings. It is not seriously pressed.

The court is of the view that it will serve no useful purpose to analyze and pass upon many of the questions that are argued in the brief pertaining to the pleadings and the various theories of the respective parties as shown by their pleadings and briefs and some which occurred to the members of the court during consultation, but deem it best to go directly to the interpretation of the policy and the application for it and set out what we deem to be the proper method of making the payments.

This suit would have been unnecessary had defendant placed in the policy a table of the number of installments and the amount of

each as is authorized, perhaps required, by our statute (G. S. 1935, 40-420 [11]). However, the fact this was not done does not void the policy, neither should it change the declared wish of the insured to have the proceeds of the policy paid to the beneficiary at $60 per month and the acceptance of that provision in the policy issued by defendant.

Our mandate may be handed down in May. The next monthly payment as selected by defendant will be June 1, 1950. By that date thirty of the $60 payments, aggregating $1,800, the insured expected his beneficiary to receive will not have been paid. The policy makes no provision for computing interest on unpaid payments. We think the $1,800, plus six percent interest upon each of those payments from the time it should have been paid to June 1, 1950, should have been paid on this date. This interest, as we compute it, amounts to $139.50. Our judgment respecting this matter is that defendant shall pay plaintiff $1,939.50 on June 1, 1950.

On June 1, 1950, the interest at $3\frac{1}{2}$ percent per annum upon the principal amount payable on the policy, $4,946.67, which interest we compute to be $432.83, should be added to the original principal, making a total of $5,379.50, from which should be deducted the $1,800 paid on the principal on June 1, 1950, leaving a new principal of $3,579.50.

To determine the principal amount on July 1, 1950, interest on this new balance of $3,579.50 at the rate of $3\frac{1}{2}$ percent per annum should be computed for the one month from June 1 to July 1, 1950, and added to the $3,579.50. The formula for computing this interest is $\frac{.035}{12} \times \$3,579.50$. The interest thus computed amounts to $10.44, which added to the $3,579.50 amounts to $3,589.94. From this will be deducted the July first payment of $60, leaving a new principal of $3,529.94. Upon this, interest shall be computed for one month and added to this new principal and the $60 payment of August first deducted. Subsequent monthly payments shall be computed in the same way and payments of $60 per month made until all of the original sum to be paid on the policy with interest computed as in this manner has been paid.

The judgment of the trial court should be reversed with directions to enter judgment for plaintiff in harmony with this opinion. The costs in this court should be divided between the parties.

It is so ordered.